IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC and SEESAW FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>AUDI AG, VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AG, BAYERISCHE MOTEREN WERKE AG, BMW OF NORTH AMERICA, LLC, BMW MANUFACTURING CO., LLC, MERCEDES-BENZ USA LLC, MERCEDES-BENZ US INTERNATIONAL, INC., DAIMLER NORTH AMERICA CORP., DAIMLER AG, NISSAN MOTOR CO., LTD. and NISSAN NORTH AMERICA, INC.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § §   Civil Action No. 6:10-CV-227<br><br><br><br><br><br><br><br>  JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendants Audi AG; Volkswagen Group of America, Inc. (also known as Audi of America, Inc.) ("VW-Audi US"); Volkswagen AG ("VW AG"); Bayerische Moteren Werke AG, BMW of North America, LLC and BMW Manufacturing Co., LLC (collectively "BMW"); Mercedes-Benz USA LLC, Mercedes-Benz US International, Inc., Daimler North America Corporation and Daimler AG (collectively "Mercedes-Benz"); and Nissan Motor Co., Ltd. and Nissan North America, Inc. (collectively "Nissan"), as follows:

1

**PARTIES**

1. Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2. Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw Children's Place, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3. Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,285,945 ("the '945 patent") entitled "Method and System for Controlling Vehicle Deceleration in an Adaptive Speed Control System Based on Vehicle Speed."  The '945 patent was duly and legally issued on September 4, 2001.  A true and correct copy of the '945 patent is attached as Exhibit A.

4. Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,393,352 ("the '352 patent") entitled "Method and System for Controlling Vehicle Deceleration in an Adaptive Speed Control System Based on Vehicle Speed."  The '352 patent was duly and legally issued on May 21, 2002.  A true and correct copy of the '352 patent is attached as Exhibit B.

5. Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,604,043 ("the '043 patent") entitled "Method and System for Controlling Vehicle Deceleration in an Adaptive Speed Control System Based on Vehicle Speed."  The '043

patent was duly and legally issued on August 5, 2003. A true and correct copy of the '043 patent is attached as Exhibit C.

6. Plaintiff Stragent is the exclusive licensee of the '945 patent, the '352 patent, and the '043 patent (collectively "the Patents-in-Suit"), having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the Patents-in-Suit, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the Patents-in-Suit without any restriction, subject to certain encumbrances. Stragent further has the exclusive right under the License to maintain, enforce, or defend the Patents-in-Suit, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the Patents-in-Suit and pursuing and entering into any settlement related to a claim of infringement.

7. On information and belief, Defendant Audi AG is a German corporation having its principal place of business in Ingolstadt, Germany.

8. On information and belief, Defendant VW-Audi US is a New Jersey corporation having its principal place of business in Herndon, Virginia.

9. On information and belief, Defendant VW AG is a German corporation having its principal place of business in Wolfsburg, Germany.

10. On information and belief, Defendant Audi AG is a 99.55% owned subsidiary of Defendant VW AG.

11. On information and belief, Defendant VW-Audi US is a wholly owned subsidiary of Defendant VW AG.

12. On information and belief, Defendant Bayerische Motoren Werke AG is a German corporation having its principal place of business in Munich, Germany.

13. On information and belief, Defendant BMW of North America, LLC is a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.

14. On information and belief, Defendant BMW Manufacturing Co., LLC is a Delaware limited liability company having its principal place of business in Greer, South Carolina.

15. On information and belief, Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC are each a wholly owned subsidiary of BMW (US) Holding Corp., which is a wholly owned subsidiary of Defendant Bayerische Motoren Werke AG.

16. On information and belief, Defendant Mercedes-Benz USA, LLC is a Delaware limited liability company having its principal place of business in Montvale, New Jersey.

17. On information and belief, Defendant Mercedes-Benz U.S. International, Inc. is an Alabama corporation having its principal place of business in Vance, Alabama.

18. On information and belief, Defendant Daimler North America Corp. is a Delaware corporation having its principal place of business in Bingham Farms, Michigan.

19. On information and belief, Defendant Daimler AG is a German corporation having its principal place of business in Stuttgart, Germany.

20. On information and belief, Defendants Mercedes-Benz USA, LLC and Mercedes-Benz U.S. International, Inc. are each a wholly owned subsidiary of Defendant Daimler North America Corp., which is a wholly owned subsidiary of Defendant Daimler AG.

21. On information and belief, Defendant Nissan Motor Co., Ltd. is a Japanese corporation having its principal place of business in Kanagawa, Japan.

22. On information and belief, Defendant Nissan North America, Inc. is a California corporation having its principal place of business in Franklin, Tennessee.

23. On information and belief, Defendant Nissan North America, Inc. is a subsidiary of Defendant Nissan Motor Co., Ltd.

## JURISDICTION AND VENUE

24. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

26. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, directly or through

intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,285,945

27. On information and belief, Defendants VW-Audi US, Audi AG, and VW AG have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW-Audi US, Audi AG, and VW AG's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Audi Q7 products that include the Audi Adaptive Cruise Control system, which infringes one or more claims of the '945 patent, and any other product made, used, offered for sale, and/or sold by VW-Audi US, Audi AG, and VW AG that includes the Audi Adaptive Cruise Control system, which infringes one or more claims of the '945 patent. VW-Audi US, Audi AG, and VW AG are thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

28. On information and belief, Defendants VW-Audi US and VW AG have been and now are further directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW-Audi US and VW AG's further infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least

Volkswagen Passat and Touareg products that include the Volkswagen Adaptive Cruise Control system, which infringes one or more claims of the '945 patent, and any other product made, used, offered for sale, and/or sold by VW-Audi US and VW AG that includes the Volkswagen Adaptive Cruise Control system, which infringes one or more claims of the '945 patent. VW-Audi US and VW AG are thus liable for further infringement of the '945 patent pursuant to 35 U.S.C. § 271.

29.     On information and belief, Defendant BMW has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States. BMW's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least BMW 5-Series and 7-Series products that include the BMW Active Cruise Control system, which infringes one or more claims of the '945 patent, and any other product made, used, offered for sale, and/or sold by BMW that includes the BMW Active Cruise Control system, which infringes one or more claims of the '945 patent. BMW is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

30.     On information and belief, Defendant Mercedes-Benz has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Mercedes-Benz's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Mercedes S-Class, CL-Class and E-Class

products that include the Mercedes Distronic or DISTRONIC Plus systems, which infringe one or more claims of the '945 patent, and any other product made, used, offered for sale, and/or sold by Mercedes-Benz that includes the Mercedes Distronic or DISTRONIC Plus systems, which infringe one or more claims of the '945 patent. Mercedes-Benz is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

31. On information and belief, Defendant Nissan has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '945 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Nissan's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Infiniti FX35 and FX50 products that include the Infiniti Intelligent Cruise Control System, which infringes one or more claims of the '945 patent, and any other product made, used, offered for sale, and/or sold by Nissan that includes the Infiniti Intelligent Cruise Control System, which infringes one or more claims of the '945 patent. Nissan is thus liable for infringement of the '945 patent pursuant to 35 U.S.C. § 271.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 6,393,352**

32. On information and belief, Defendants VW-Audi US, Audi AG, and VW AG have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW-Audi US, Audi AG, and VW AG's infringements include, without limitation, making, using, offering for sale,

and/or selling within the United States, and/or importing into the United States, at least Audi Q7 products that include the Audi Adaptive Cruise Control system, which infringes one or more claims of the '352 patent, and any other product made, used, offered for sale, and/or sold by VW-Audi US, Audi AG, and VW AG that includes the Audi Adaptive Cruise Control system, which infringes one or more claims of the '352 patent. VW-Audi US, Audi AG, and VW AG are thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271.

33.    On information and belief, Defendants VW-Audi US and VW AG have been and now are further directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW-Audi US and VW AG's further infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Volkswagen Passat and Touareg products that include the Volkswagen Adaptive Cruise Control system, which infringes one or more claims of the '352 patent, and any other product made, used, offered for sale, and/or sold by VW-Audi US and VW AG that includes the Volkswagen Adaptive Cruise Control system, which infringes one or more claims of the '352 patent. VW-Audi US and VW AG are thus liable for further infringement of the '352 patent pursuant to 35 U.S.C. § 271.

34.    On information and belief, Defendant BMW has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. BMW's infringements include, without limitation,

making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least BMW 5-Series and 7-Series products that include the BMW Active Cruise Control system, which infringes one or more claims of the '352 patent, and any other product made, used, offered for sale, and/or sold by BMW that includes the BMW Active Cruise Control system, which infringes one or more claims of the '352 patent. BMW is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271.

35. On information and belief, Defendant Mercedes-Benz has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Mercedes-Benz's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Mercedes S-Class, CL-Class and E-Class products that include the Mercedes Distronic or DISTRONIC Plus systems, which infringe one or more claims of the '352 patent, and any other product made, used, offered for sale, and/or sold by Mercedes-Benz that includes the Mercedes Distronic or DISTRONIC Plus systems, which infringe one or more claims of the '352 patent. Mercedes-Benz is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271.

36. On information and belief, Defendant Nissan has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '352 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Nissan's infringements include, without limitation,

making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Infiniti FX35 and FX50 products that include the Infiniti Intelligent Cruise Control System, which infringes one or more claims of the '352 patent, and any other product made, used, offered for sale, and/or sold by Nissan that includes the Infiniti Intelligent Cruise Control System, which infringes one or more claims of the '352 patent. Nissan is thus liable for infringement of the '352 patent pursuant to 35 U.S.C. § 271.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,604,043

37. On information and belief, Defendants VW-Audi US, Audi AG, and VW AG have been and now are directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States. VW-Audi US, Audi AG, and VW AG's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Audi Q7 products that include the Audi Adaptive Cruise Control system, which infringes one or more claims of the '043 patent, and any other product made, used, offered for sale, and/or sold by VW-Audi US, Audi AG, and VW AG that includes the Audi Adaptive Cruise Control system, which infringes one or more claims of the '043 patent. VW-Audi US, Audi AG, and VW AG are thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271.

38. On information and belief, Defendants VW-Audi US and VW AG have been and now are further directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '043 patent in the State of Texas,

in this judicial district, and elsewhere in the United States. VW-Audi US and VW AG's further infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Volkswagen Passat and Touareg products that include the Volkswagen Adaptive Cruise Control system, which infringes one or more claims of the '043 patent, and any other product made, used, offered for sale, and/or sold by VW-Audi US and VW AG that includes the Volkswagen Adaptive Cruise Control system, which infringes one or more claims of the '043 patent. VW-Audi US and VW AG are thus liable for further infringement of the '043 patent pursuant to 35 U.S.C. § 271.

39.   On information and belief, Defendant BMW has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States. BMW's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least BMW 5-Series and 7-Series products that include the BMW Active Cruise Control system, which infringes one or more claims of the '043 patent, and any other product made, used, offered for sale, and/or sold by BMW that includes the BMW Active Cruise Control system, which infringes one or more claims of the '043 patent. BMW is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271.

40.   On information and belief, Defendant Mercedes-Benz has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '043 patent in the State of Texas, in this judicial district,

and elsewhere in the United States. Mercedes-Benz's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Mercedes S-Class, CL-Class and E-Class products that include the Mercedes Distronic or DISTRONIC Plus systems, which infringe one or more claims of the '043 patent, and any other product made, used, offered for sale, and/or sold by Mercedes-Benz that includes the Mercedes Distronic or DISTRONIC Plus systems, which infringe one or more claims of the '043 patent. Mercedes-Benz is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271.

41.     On information and belief, Defendant Nissan has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '043 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Nissan's infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Infiniti FX35 and FX50 products that include the Infiniti Intelligent Cruise Control System, which infringes one or more claims of the '043 patent, and any other product made, used, offered for sale, and/or sold by Nissan that includes the Infiniti Intelligent Cruise Control System, which infringes one or more claims of the '043 patent. Nissan is thus liable for infringement of the '043 patent pursuant to 35 U.S.C. § 271.

**PRAYER FOR RELIEF**

WHEREFORE, Stragent and SeeSaw request that this Court enter:

A. A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '945 patent;

B. A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '945 patent as provided under 35 U.S.C. § 284;

C. A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '352 patent;

D. A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '352 patent as provided under 35 U.S.C. § 284;

E. A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '043 patent;

F. A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '043 patent as provided under 35 U.S.C. § 284; and

G. Any and all other relief to which the Court may deem Stragent and SeeSaw entitled.

## DEMAND FOR JURY TRIAL

Stragent and SeeSaw, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Adam A. Biggs
Texas Bar No. 24051753
aab@emafirm.com
Debra Coleman
Texas Bar No. 24059595
drc@emafirm.com
Matthew C. Harris
Texas Bar No. 24059904
mch@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

>Danny L. Williams
>Texas Bar No. 21518050
>danny@wmalaw.com
>J. Mike Amerson
>mike@wmalaw.com
>Texas Bar No. 01150025
>Jaison C. John
>Texas State Bar No. 24002351
>jjohn@wmalaw.com
>Christopher N. Cravey
>Texas Bar No. 24034398
>ccravey@wmalaw.com
>Matthew R. Rodgers
>Texas Bar No. 24041802
>mrodgers@wmalaw.com
>Michael A. Benefield
>Indiana Bar No. 24560-49
>mbenefield@wmalaw.com
>David Morehan
>Texas Bar No. 24065790
>dmorehan@wmalaw.com
>WILLIAMS, MORGAN & AMERSON, P.C.
>10333 Richmond, Suite 1100
>Houston, Texas 77042
>Telephone: (713) 934-7000
>Facsimile: (713) 934-7011
>
>*Attorneys for Stragent, LLC, and SeeSaw Foundation*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 29th day of April 2010.

_/s/ Eric M. Albritton_
Eric M. Albritton